# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Carlton H. Schoumaker                    Chapter 7
                                         BKY 12-45341

                Debtor.

Erik Ahlgren,

                Plaintiff,           Adv. No. _____

v.

                                      COMPLAINT FOR
                                      REVOCATION OF DISCHARGE

Carlton H. Schoumaker

                Defendant.

Erik Ahlgren brings this complaint seeking revocation of the bankruptcy discharge granted to Carlton H. Schoumaker.

1. The plaintiff, Erik Ahlgren, is the duly appointed Chapter 7 bankruptcy trustee in the above referenced case (the "Trustee").

2. The defendant, Carlton H. Schoumaker, is a resident of the State of Minnesota. The defendant filed a petition for relief under chapter 7 of the Bankruptcy Code on September 17, 2012.  The case is currently pending in the United States Bankruptcy Court for the District of Minnesota, and it remains open.

3. This complaint is filed under Fed. R. Bankr. P. 7001(4) and seeks an order revoking the defendant's discharge in this case pursuant to 11 U.S.C. § 727(d)(3).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding.

5. The defendant filed a chapter 7 bankruptcy petition and supporting schedules on September 17, 2012 (DE #1[1]) and received his bankruptcy discharge on December 27, 2012. (DE #22)

6. On September 18, 2013, the Trustee filed an adversary complaint seeking to recover the value of post petition transfers and to turnover non exempt property of the estate. (DE #28) On November 5, 2013, the Court ordered (DE #32):

    1. Carlton H. Schoumaker shall pay to Erik A. Ahlgren, trustee, $19,395.00 plus costs of $293.00, for a total of $19,688.00.

    2. Carlton H. Schoumaker shall turn over the farm equipment listed on Exhibit A to the complaint filed in this proceeding to the trustee within seven days of the date hereof.

7. The Trustee has attempted to resolve this situation for many months, but the Debtor has failed to comply with the court's order.

## COUNT I
## REFUSAL TO OBEY A LAWFUL ORDER OF THE COURT

8. The above paragraphs are incorporated herein.

9. The defendant has refused to obey the Court's order, dated November 5, 2013.

10. Refusal to obey a lawful order of the Court is an act specified in subsection (a)(6) of 11 U.S.C. § 727, and is grounds to revoke the defendant's discharge under 11 U.S.C. §727(d)(3).

---

[1] All references to docket entries refer to the lead bankruptcy case, case no. 12-45341.

11. The Trustee is entitled to an order revoking the defendant's discharge pursuant to 11 U.S.C. §727(d)(3).

WHEREFORE, the Plaintiff requests that this Court enter an order and judgment revoking the defendant's discharge under 11 U.S.C. § 727(d)(3), together with such other and further relief as the Court deems just and equitable.

Dated: November 5, 2014                    AHLGREN LAW OFFICE, PLLC

/e/ Erik Ahlgren
Erik Ahlgren (#191814)
220 West Washington Ave.
Suite 105
Fergus Falls, MN 56537
TELE: (218) 998-2775

## VERIFICATION

     I, Erik Ahlgren, the trustee in the above referenced case, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on November 5, 2014

                                                                                           /e/ Erik Ahlgren